**UNITED STATES of America, Appellee,**

**v.**

**Edward MUZA, Appellant.**

**No. 85–1104.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1985.

Decided April 10, 1986.

Rehearing and Rehearing En Banc Denied May 6, 1986.

James A. Wyrsch, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before ROSS, McMILLIAN and AR-NOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Edward Muza appeals from a final judgment entered in the District Court[1] for the Western District of Missouri upon a jury verdict finding him guilty of conspiracy to commit arson in violation of 18 U.S.C. § 371 and arson in violation of 18 U.S.C. § 844(i). Appellant was sentenced to consecutive sentences of four years imprisonment on the conspiracy conviction and eight years imprisonment on the arson conviction; appellant was also ordered to make a reasonable effort to make restitution in the amount of $30,000. For reversal appellant argues, among other things, that the district court lacked jurisdiction under 18 U.S.C. § 844(i) and that the district court erred in failing to grant his motion to dismiss the indictment on double jeopardy grounds and in failing to grant his motion for a mistrial based on prejudicial comments elicited during cross-examination of his wife, who testified as a government witness. For the reasons discussed below, we affirm.

On March 12, 1983, an explosion and fire destroyed the building housing Poor Richard's Bar and Restaurant in Kansas City, Missouri. An arson investigation determined that the explosion was caused by gasoline poured into the building through a vent pipe located on the roof. In January

---

1. The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri.

1984, Stephen Totty contacted the Bureau of Alcohol, Tobacco and Firearms (ATF) with information about the fire. Appellant and Totty had worked together periodically and had also maintained a social relationship for eleven years. Totty told the authorities that he had, at appellant's direction and with appellant's help, started the fire that destroyed Poor Richard's. In return for the government's promise to dismiss a subsequently filed arson count, Totty agreed to testify for the government regarding the fire and to plead guilty to a conspiracy count. Totty testified as follows.

On the day prior to the fire Totty and appellant were drinking and driving around town when appellant suggested they destroy Poor Richard's as a "pay back." There is no indication in the record what the pay back was for. Both men went to the bar and Totty assured appellant he would be able to climb onto the roof to start the fire. Totty and appellant then purchased gasoline and lighter fluid and mixed them at appellant's apartment while appellant's wife was not present. The men returned to the bar to investigate and Totty climbed onto the roof. The two once again returned to appellant's apartment where appellant instructed Totty to pour the gasoline mixture down a roof vent of the bar, ignite it, and then meet appellant at his car parked a half block away. The two men returned to the bar. Totty climbed onto the roof and poured the gasoline mixture down the vent, which resulted in an explosion that knocked Totty off the roof and caused him to lose his eyeglasses. At trial the operator of Poor Richard's testified that three or four days after the fire he found a pair of eyeglasses in the parking lot but threw them away after the police department told him the glasses would be of no evidentiary value.

During the drive back to appellant's apartment, appellant and Totty were briefly stopped and released by police sergeant Virgil Smith. Totty and appellant returned to appellant's apartment where appellant's wife, Barbara Muza, was present.

Appellant's wife, an alcoholic with a history of emotional problems, testified that once when she came home she smelled gasoline fumes in the apartment. In response to cross-examination as to when the incident occurred, appellant's wife stated: "I don't keep track of his criminal activities. I don't keep a chart." She also testified that several times she had heard Totty talk about being "blown off a building" and losing his glasses. In response to cross-examination as to when she had heard the statement, appellant's wife stated: "Depends on which bar you are talking about. There were lots of fires." The district court denied appellant's objections and motions to strike the testimony in its entirety and for a mistrial but instructed the jury to disregard the comments.

■ We first address appellant's argument that the government failed to prove that the building housing Poor Richard's was a building used in an activity affecting interstate commerce, as required by 18 U.S.C. § 844(i). "Section 844(i) uses broad language to define the offense." *Russell v. United States*, — U.S. —, 105 S.Ct. 2455, 2456, 85 L.Ed.2d 829 (1985). "The reference to 'any building ... used in ... any activity affecting interstate or foreign commerce' expresses an intent by Congress to exercise its full power under the Commerce Clause." *Id.* (footnote omitted). "The legislative history indicates that Congress intended to exercise its full power to protect 'business property'." *Id.* See *United States v. Voss*, 787 F.2d 393, 397 (8th Cir. 1986) ("section 844(i) reaches ... arson of any property used in an activity having even a *de minimis* connection to interstate commerce"). It is clear that the destruction of a tavern that receives interstate shipments of liquor, as is the case here, falls within § 844(i). See *United States v. Sweet*, 548 F.2d 198, 202 (7th Cir.), *cert. denied*, 430 U.S. 969, 97 S.Ct. 1653, 52 L.Ed.2d 361 (1977).

■ In addition, we reject appellant's argument concerning his conspiracy conviction that the government had to prove that

he had actual knowledge that the tavern was used in an activity affecting interstate commerce. *See United States v. Bryant,* 766 F.2d 370, 375 (8th Cir.1985) (inclusion of interstate nexus "in criminal ... statutes is most often solely for the purpose of conferring federal jurisdiction rather than of defining substantive elements of an offense"), *cert. denied,* —— U.S. ——, 106 S.Ct. 790 (1986), 88 L.Ed.2d 768; *United States v. Fairchild,* 526 F.2d 8, 11 (8th Cir.1975) (" 'where a substantive offense embodies only a requirement of *mens rea* as to each of its elements, the general federal conspiracy statute requires no more' ") (*citing United States v. Feola,* 420 U.S. 671, 694, 95 S.Ct. 1255, 1268 (1975)).

■ We next address appellant's argument that the district court erred in denying his motion to dismiss the indictment on double jeopardy grounds. Appellant asserts that the arson count of the indictment was multiplicitous of the conspiracy count. Appellant erroneously relies on *United States v. Tercero,* 580 F.2d 312, 317 (8th Cir.1978), in which this court found a double jeopardy violation where two alleged conspiracies were in fact part of a single conspiracy. Here, unlike *Tercero,* the indictment charged conspiracy to commit a substantive act and commission of a substantive act. It is well established that "[t]he commission of a substantive offense and a conspiracy to commit that offense are two separate and distinct crimes." *United States v. Shigemura,* 682 F.2d 699, 705 n. 11 (8th Cir.1982), *cert. denied,* 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983).

Appellant next argues that the district court erred in denying his motions for a mistrial on the basis of prejudicial comments elicited during cross-examination of his wife. As previously indicated, in response to defense counsel's question as to when she had smelled gasoline in the apartment, appellant's wife stated: "I don't keep track of his criminal activities. I don't keep a chart." In response to defense counsel's inquiry about when she had heard Totty state that he had been "blown off a building," appellant's wife stated: "Depends on which bar you are talking about. There were lots of fires." Counsel moved to strike the testimony in its entirety and for a mistrial. The district court denied the motions to strike the testimony in its entirety and for a mistrial but instructed the jury to disregard the comments.

■ As a general rule, the decision whether a trial has been so tainted by prejudicial testimony that a mistrial should be declared lies within the discretion of the district court. *E.g., United States v. Reed,* 724 F.2d 677, 679–80 (8th Cir.1984). In addition, the admission of an unresponsive, prejudicial statement is "ordinarily ... cured by striking the testimony and instructing the jury to disregard the remark." *Batten v. Scurr,* 649 F.2d 564, 569 (8th Cir.1981). "A reviewing court must determine with fair assurance whether, in spite of the instruction, the verdict was substantially swayed by the error." *Id., citing Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946). To determine the prejudicial effect of the comments on appellant's right to a fair trial, we examine " 'the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of [appellant's] guilt.' " *United States v. Reed,* 700 F.2d 638, 646 (11th Cir.1983) (citation omitted).

We first note that there is no evidence in the record to suggest that appellant's wife's comments were a product of any bad faith on the part of the government. *See United States v. Reed,* 724 F.2d at 679. Rather, the comments were elicited during defense counsel's cross-examination. Counsel was aware that appellant's wife had memory problems but persisted in questioning her after she had indicated she could not recall when she had smelled the fumes or heard the statements.

We next look to the strength of the government's case. At oral argument on appeal the government conceded that its entire case rested on the testimony of Totty. Totty's testimony, however, was corroborated by substantial evidence. Police officers and fire investigators gave evidence of physical facts that fit Totty's account of the arson, including the time of

the fire, the fact that portions of the roof had collapsed, the finding of the cans containing gasoline, the area in which the fire started, and the finding of small sections of rope that Totty said he used to climb up on the building.

Because there was substantial evidence of appellant's guilt, any error in the admission of the statements was harmless. *See United States v. Hernandez*, 779 F.2d 456, 461 (8th Cir.1985) (conviction affirmed despite prosecutorial misconduct where evidence of defendant's guilt came from one witness whose testimony was corroborated by police detectives and provided circumstantial evidence of defendant's guilt). We have carefully reviewed the record and are convinced the jury would have returned the same verdict absent the comments. Therefore, the district court did not abuse its discretion in failing to grant a mistrial.

We have considered appellant's arguments concerning other alleged prejudicial comments, jury instructions, and sentencing, as well as the arguments raised in his pro se brief, and find them to be without merit.

Accordingly, the judgment of the district court is affirmed.