UNITED STATES of America, Plaintiff,

v.

Joseph MEDEIROS, Defendant.

Crim. A. No. 88–195–C.

United States District Court,
D. Massachusetts.

Jan. 23, 1989.

Freeman, Mark M., Boston, Mass., for defendant.

Murphy, Martin F., Boston, Mass., for U.S.

## MEMORANDUM

CAFFREY, Senior District Judge.

In this case, the Court must consider two pre-trial motions filed by the defendant, Joseph Medeiros. The defendant was charged in a July 6, 1988 indictment ("the Indictment") with conspiracy to commit arson of a building used in an activity affecting interstate commerce in violation of 18 U.S.C. § 844(i). The Indictment followed an undercover operation conducted by agents of the Bureau of Alcohol, Tobacco and Firearms' Arson Task Force.

On July 29, 1988, the defendant filed a motion to declare the Sentencing Reform Act, 28 U.S.C. §§ 991 *et seq.*, unconstitutional, arguing in part a violation of the separation of powers doctrine. The defendant also filed at that time a motion to dismiss the Indictment on the basis that the government could not prove an essential element of the offense, namely, the interstate commerce nexus. At a hearing conducted by the Court on October 11, 1988, the defendant waived the motion to dismiss, conceding that the motion was premature. The government has now proffered by means of a stipulation the evidence it would present at trial regarding the interstate commerce requirement, and defen-

benefits counsel can lawfully recover under sec-    tion 406(b).

dant has renewed his motion to dismiss.[1] The parties have requested this Court to consider the stipulation and to determine whether the case would be allowed to go to the jury, using the standards set forth in Fed.R.Crim.P. 29.

## I.

On January 18, 1989, the United States Supreme Court issued its decision in *Mistretta v. United States*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), upholding the constitutionality of the Sentencing Reform Act and the Sentencing Guidelines promulgated thereunder. The Court explained:

> We conclude that in creating the Sentencing Commission—an unusual hybrid in structure and authority—Congress neither delegated excessive legislative power nor upset the constitutionally mandated balance of powers among the coordinate Branches. The Constitution's structural protections do not prohibit Congress from delegating to an expert body located within the Judicial Branch the intricate task of formulating sentencing guidelines consistent with such significant statutory direction as is present here. Nor does our system of checked and balanced authority prohibit Congress from calling upon the accumulated wisdom and experience of the Judicial Branch in creating policy on a matter uniquely within the ken of judges. Accordingly, we hold that the Act is constitutional.

*Id.* — U.S. at —, 109 S.Ct. at 675. This Court, having the benefit of this very recent Supreme Court ruling, accordingly rules that defendant's motion to declare the Sentencing Act unconstitutional should be denied.

## II.

This Court considers defendant's renewed motion to dismiss the Indictment in light of the parties' joint request for a determination as to whether the govern-

ment's evidence would be sufficient to sustain a conviction under 18 U.S.C. § 844(i). The parties have asked the Court to use the standards set forth in Fed.R.Crim.P. 29. Rule 29 applies to motions for judgment of acquittal. The test in resolving Rule 29 motions is "whether, taking the view most favorable to the government, a reasonable-minded jury might accept the relevant evidence as sufficient to support a finding of the accused's guilt beyond a reasonable doubt." 9 Federal Procedure, L.Ed. § 22:84. This Court concludes that a reasonable-minded jury could indeed accept the government's evidence as sufficient to support a finding of the defendant's guilt beyond a reasonable doubt under 18 U.S.C. § 844(i).

■ The defendant is charged with a violation of 18 U.S.C. § 844(i). Section 844(i) provides in pertinent part: "Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of an explosive, any building ... used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be [guilty under that provision]." 18 U.S.C. § 844(i). In *Russell v. United States*, 471 U.S. 858, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985), the United States Supreme Court explained that "the reference to 'any building ... used ... in any activity affecting interstate or foreign commerce' expresses an intent by Congress to exercise its full power under the Commerce Clause." *Id.* at 859, 105 S.Ct. at 2456 (footnote omitted). The Court also pointed out that the legislative history of Section 844(i) emphasizes the "very broad" coverage of "substantially all business property." *Id.* at 861, 105 S.Ct. at 2457 (footnote omitted). Accordingly, to establish the interstate commerce nexus, the government need only show a *de minimus* connection to interstate commerce. *United States v. Hermes*, 847 F.2d 493, 496 (8th Cir.1988); *United States v. Giordano*, 693 F.2d 245, 249 (2d Cir.1982).

---

1. The stipulation filed with this Court on November 10, 1988 primarily includes transcripts of conversations between an agent of the Bureau of Alcohol, Tobacco and Firearms' Arson Task Force and the defendant.

■ The government advances two theories to support its position that the proffer of evidence on the interstate commerce element would be sufficient to satisfy the jurisdictional requirement under Section 844(i). First, the government argues that a jury could reasonably find that the defendant actually believed he was contracting to burn a commercial building used in an activity affecting interstate commerce. Second, the government argues that a jury could also reasonably find that an actual building was the target of the agreement and was used in an activity affecting interstate commerce at the relevant time.

The defendant challenges the sufficiency of the government's evidence on the interstate commerce element under both theories. Medeiros argues that according to the government's description of the alleged target building, the building would not have had any connection to interstate commerce or any activity affecting interstate commerce at the time of the burning. The defendant further argues that no actual building was the object of the agreement, only "a prop which was never used." Defendant's Memorandum in Support of Motion to Dismiss at 4. Defendant contends, therefore, that the government is limited to the description of the alleged target building rendered by the government agent in his communications with defendant.

This Court concludes that the jury would be permitted to consider both of the theories advanced by the government to satisfy the interstate commerce requirement under Section 844(i). Regarding the government's description of the target building and the defendant's belief regarding the nature of the building to be destroyed, there exists sufficient evidence to satisfy the jurisdictional element. There are references in the transcripts, to which the parties have stipulated, to the target building

as a "commercial piece of property in Southie" (Transcript 3, at 4), and as property leased to a "container company" (Transcript 6, at 3). Even if the building was supposedly to be vacated just before the burning was to take place, this representation by the government informant would not necessarily destroy the requisite link to interstate commerce. The building could yet be regarded as commercial rental property despite the very recent vacancy. *See United States v. Hermes,* 847 F.2d at 496 ("[t]hat the building was not currently occupied by a tenant does not detract from its character as commercial property"). The jury could reasonably find that the building described to defendant retained its status as commercial rental property, which would satisfy the interstate commerce requirement under Section 844(i). Under this theory, moreover, no actual building would be required as the target of the conspiracy. *See United States v. Giordano,* 693 F.2d at 250 (the fictitious nature of the building does not weaken or destroy its link to interstate commerce).

A jury could also reasonably find that the government had secured an actual building as a target of the agreement with defendant, that is, a warehouse owned by Globe Bag Co. and used in an activity affecting interstate commerce.[2] Under this latter theory, the defendant's knowledge as to the interstate commerce connection would be irrelevant, so long as the actual building was either used in interstate commerce or was used in an activity affecting interstate commerce. *See United States v. Muza,* 788 F.2d 1309, 1311–12 (8th Cir. 1986) (the government is not required to prove that the defendant knew the tavern was used in an activity affecting interstate commerce). It would also be of no consequence that the government had not provided the defendant with the specific location or address of the target building.

**2.** The government has explained in its Memorandum in Opposition to Defendant's Renewed Motion to Dismiss:

The government's evidence will show that the detailed description that [the agent] gave Medeiros (including the drawing he made of the building's layout) matched the physical description of the Globe Bag Company ware-

house.... The government proffers that it will prove that the building was owned by a company that was engaged in an interstate business ... and was, at the time it was to be burned, used to house articles of maintenance equipment used by the company in its business.

*Id.* at 14.

Such a failure of information would not make the actual building fictitious or irrelevant for purposes of satisfying Section 844(i)'s jurisdictional requirement.

Accordingly, defendant's renewed motion to dismiss the Indictment should be denied.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Defendant's motion to declare the Sentencing Act unconstitutional is denied.

2. Defendant's renewed motion to dismiss is denied.