**UNITED STATES of America, Appellee,**

v.

**David J. CULVER, Appellant.**

**No. 89-3008WM.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1990.

Decided March 28, 1991.

Richard Waserstein, Miami Beach, Fla., for appellant.

John R. Osgood, Kansas City, Mo., for appellee.

Before JOHN GIBSON, BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, District Judge.

David Culver appeals his conviction and sentence in district court.[1] We affirm.

## I. BACKGROUND

Culver was convicted of conspiracy to transport a stolen aircraft, 18 U.S.C. § 371. Four other coconspirators either plead guilty or were convicted by a jury. Culver was sentenced to five years in prison, two years supervised release, and fined $6,050.

Appellant claims the district court erred in admitting evidence of prior bad acts, allowing inflammatory remarks from witnesses and the prosecutor, and in imposing sentence.

## II. DISCUSSION

### A. Evidence of Other Crimes

The district court admitted tape recorded conversations of an undercover agent, a confidential informant and the two coconspirators who had plead guilty. The conversations revealed prior acts of these conspirators, including the theft of another airplane. Appellant argues the district court erred in admitting the recordings because there was no evidence to connect defendant to any of these incidents.

■ Evidence of other crimes or prior bad acts are admissible if "(1) the evidence is relevant to a material issue; (2) the prior bad acts are similar in kind and reasonably close in time to the crime charged; (3) there is sufficient evidence to support a finding by the jury that the defendant committed the prior acts; and (4) the potential prejudice of the evidence does not substantially outweigh its probative value." *United States v. Anderson*, 879 F.2d 369, 378

(8th Cir.1989) (footnotes omitted). The trial court's decision will be overturned only if there has been an abuse of discretion. *United States v. Bowman*, 798 F.2d 333, 337 (8th Cir.1986). It is defendant's burden to show the evidence clearly had no bearing on any of the issues involved. *United States v. O'Connell*, 841 F.2d 1408, 1422 (8th Cir.1988).

■ The undercover agent testified appellant acknowledged stealing the airplane referred to in the tape recordings. Some of the same conspirators were involved in the prior theft. This admission bears directly on whether Culver believed this to be a legitimate piloting job. As this was the crux of appellant's defense, it was clearly relevant to a material issue in the case. The district court's ruling is affirmed.

### B. Inflammatory Evidence and Remarks

At the trial several witnesses made statements which implied the conspiracy was drug related. Appellant argues these statements were not relevant and highly prejudicial, and the prosecutor's solicitation of them warranted a mistrial. All statements objected to were stricken but the court allowed the trial to proceed.

■ A motion for a mistrial is within the discretion of the district court and may be reversed only where there has been an abuse of discretion. *United States v. Powell*, 771 F.2d 1173, 1175 (8th Cir.1985). Even if a prosecutor's conduct is improper it must also be so prejudicial as to deprive the defendant of a fair trial before it will warrant reversal. *United States v. Hernandez*, 779 F.2d 456, 460 (8th Cir.1985).

■ Considering the record as a whole, it cannot be said appellant was denied a fair trial because of these remarks. The trial court instructed the jury to disregard the stricken remarks. Additionally, appellant did not object to all evidence regarding illegal drugs. There was evidence of drug

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern District of Iowa, sitting by designation.

1. The Honorable Scott Wright, United States District Judge for the Western District of Missouri.

use by the coconspirators during a meeting with the undercover agent. There was also evidence that part of the payment for the aircraft would be in the form of "goods," which the undercover agent testified meant cocaine. The statements stricken by the court were no more damaging than the evidence regarding drugs which was admitted.

## C. Sentencing

Appellant argues the district court erred both in departing from the guidelines and in its application of the guidelines.

### 1. Departure

The district court departed upward from the base level offense after finding the crime was committed to facilitate the transport of drugs. Appellant argues this was error for two reasons. First, the district court gave inadequate reasons for imposing the increased sentence. Second, no evidence supported the finding that appellant committed the offense to facilitate drug trafficking.

■■■ A sentence may be increased beyond the guidelines to reflect the actual seriousness of conduct if the offense was committed in order to facilitate the commission of another offense. United States Sentencing Commission, *Guidelines Manual*, (U.S.S.G.) § 5K2.9. Decisions to depart upward will be reversed only if the sentencing court abused its discretion. *United States v. Justice*, 877 F.2d 664, 666 (8th Cir.1989). No particular standard of proof is required in sentencing, but due process must be satisfied with findings adequate to make an appeal meaningful. *United States v. Luster*, 896 F.2d 1122, 1129 (8th Cir.1990).

■■■ While the court did not specifically state the evidence upon which it was relying, the court's upward departure complies with the requirements of 18 U.S.C. § 3553(c)(2) (court shall state reasons for imposition of sentence if outside guideline range).

■■■ Additionally, the record supports the finding that the aircraft was to be used to transport illegal drugs. There were statements made by the coconspirators that part of the cost of the airplane would be paid in the form of cocaine. Drugs were referred to in the conversations between the agents and conspirators. There was also strong circumstantial evidence the aircraft would be used to transport illegal goods to and from Colombia.

We cannot say that it was error for the sentencing court to depart upward in this matter.

### 2. Adjustments

The district court increased the base offense level after finding appellant used more than minimal planning and for his use of a special skill. The offense level was also increased after the court found the airplane to be worth more than one million dollars. The court refused to reduce the base level for appellant's role as a minor participant. Appellant argues the sentencing court erred by not having a fact finding hearing and because there was insufficient evidence to support the conclusions.

■■■ An adjustment in the sentencing guidelines is entitled to great deference and will not be disturbed unless clearly erroneous. *United States v. Nunley*, 873 F.2d 182, 187 (8th Cir.1989).

■■■ Under U.S.S.G. § 6A1.3, the sentencing court is required to give the parties an adequate opportunity to present information when any factor important to the sentencing determination is reasonably in dispute. The parties must be notified of the court's tentative findings and be provided with a reasonable opportunity to object to the findings before imposition of sentence. Fed.R.Crim.P. 32(a).

The sentencing court held an evidentiary hearing before imposing sentence. All parties were advised of the hearing and given the opportunity to present evidence. The court entertained oral objections to the presentence report. The commentary to the Guidelines states the sentencing court has discretion to determine the appropriate procedure in each case "in light of the nature of the dispute, its relevance to the sentenc-

ing determination, and applicable case law." U.S.S.G. § 6A1.3, comment. We find no error in the amount of time between the hearing and imposition of the sentence as the parties had an opportunity to object to the court's findings.

There is also sufficient evidence to support the court's findings used in applying the guidelines. Under U.S.S.G. § 2B1.2(b)(1), the base level offense is increased according to the value of the stolen property involved. Several witnesses testified the value of the airplane was several million dollars. Appellant presented evidence the plane was worth less than one million dollars. Although the evidence conflicted, there was sufficient basis for the court's finding the aircraft was worth more than one million dollars.

The district court also found the offense involved more than minimal planning on the part of the appellant and increased the base level offense by two levels according to U.S.S.G. § 2B1.2(b)(4)(B). "More than minimal planning" includes making some significant affirmative step to conceal the offense. U.S.S.G. § 1B1.1, comment. (1(f)). Appellant had purchased disguises for himself and his girlfriend. This alone is sufficient to establish he used more than minimal planning.

The base offense level was also increased two points for appellant's special skill as a pilot. U.S.S.G. § 3B1.3. Appellant argues this increase was unwarranted because he was arrested before he had an opportunity to pilot the plane. This argument is without merit. Appellant's skill as a pilot extends to more than actually flying the aircraft. His skills were required to plan for fuel, devise flight paths, and to prepare the aircraft for flight after the undercover agent left. The record supports this finding.

Finally, the sentencing court refused to find appellant was a minor participant in the theft, and therefore, refused to reduce the base offense level. The other conspirators involved could not pilot the plane. Thus, appellant's role in the offense was crucial. There is no error on this issue.

### III. CONCLUSION

We find no error in the conviction or the sentencing of appellant. Accordingly, we affirm.