UNITED STATES of America, Appellee,

v.

William CLAIR, Appellant.

No. 90–2840.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1991.

Decided May 30, 1991.

Ralph Cloar, Jr., Little Rock, Ark., for appellant.

William Adair, Jr., Little Rock, Ark., for appellee.

Before FAGG and BEAM, Circuit Judges, and DOTY,* District Judge.

DOTY, District Judge.

William Clair appeals from a final judgment and sentence of the district court[1] entered on a jury verdict convicting him of one count of conspiracy to possess with the intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), thereby violating 21 U.S.C. § 846, and one count of possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).

Appellant contends that the district court erred in denying his motion for mistrial based on prosecutorial misconduct and that the district court abused its discretion in denying him a two-level reduction for acceptance of responsibility. We affirm.

## I. Background

On November 8, 1988, appellant and George Anthony Seek ("Seek") flew seventy pounds of marijuana from El Paso, Texas, to North Little Rock, Arkansas.[2] They left the marijuana in a motel room to be picked up by someone else. Appellant and Seek were subsequently arrested, returned to the motel room, read their *Miranda* rights, then separated and questioned briefly. James Stokes ("Stokes"), a special agent for the United States Customs Service, told them that he would refer the case to the United States Attorney but asked them to call him if they decided to cooperate with the government.

A few days later, appellant called Stokes to arrange a meeting to cooperate with the government agents. At that meeting, appellant indicated a desire to work with the government. Appellant subsequently changed his mind and refused to give the government further information.

The government believed that appellant undertook the flight from Texas to Arkansas with the seventy pounds of marijuana as a test run for a second trip where he would use the same route to transport 800 pounds of marijuana. Appellant never made a second trip and was tried for the seventy pound transaction. The government presented four eyewitness accounts

---

* The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Elsijane Trimble Roy, United States Senior District Judge for the Eastern District of Arkansas.

2. At this time appellant did not know that Seek was an informant for the government.

of the appellant and Seek loading the marijuana in a plane and flying the marijuana under constant aerial observation to Arkansas. This evidence is undisputed: appellant freely admitted the circumstances to agents and he also testified at trial regarding the transaction.

Four times during the trial, reference was made to appellant's alleged plan to make the second trip with 800 pounds of marijuana. The first reference occurred when the government asked Stokes "did you have information that this was a test run" but then withdrew the question when defense counsel objected. The second reference occurred when the government asked Seek about "any plans concerning this load or any subsequent loads." Defense counsel again objected and the district court conducted a bench conference off the record and then instructed the jury to disregard the question.

Later in his direct examination, Seek testified that "we were anticipating an additional 800 pound load that we had discussed." Defense counsel objected and the district court sustained the objection without comment. The government then asked Seek to "go ahead" and Seek responded that "we had discussed that this would be a kind of trial run." Defense counsel objected a fourth time and moved for a mistrial. The district court sustained the objection, instructed the jury to disregard the question, and asked Seek to limit his testimony to what he saw or what took place. Seek did not understand this instruction, so the district court excused the jury and conducted an in camera hearing during which it denied appellant's motion for mistrial. After the jury returned, the district court instructed them to disregard any questions or testimony concerning future events and to consider only what the indictment charged.

After his conviction, appellant told his probation officer that he did in fact load the marijuana and was aware that it was marijuana. Appellant stated, however, that he did not feel that those acts were criminal. The probation officer nonetheless recommended that the appellant receive a two-level reduction for acceptance of responsibility. At the sentencing hearing, the government objected to the reduction, arguing that appellant had not timely admitted his criminal conduct nor expressed remorse for his acts. The probation officer also testified that appellant had never expressed remorse to him. Defense counsel argued that appellant was entitled to the reduction because he had immediately and fully confessed his involvement but had a right to assert an entrapment defense and stand trial without forfeiting a reduction for acceptance of responsibility.

The trial court denied the reduction for acceptance of responsibility, finding that: (1) appellant, although admitting that he committed the acts constituting the offense as charged, also maintained that his conduct was not criminal; (2) that appellant had shown no remorse; and (3) that appellant had previously been convicted of a similar offense and therefore had sufficient experience with the law to know that his conduct was criminal.

## II. Discussion

### 1. *Motion for Mistrial*

Appellant argues that the government's repeated reference to the planned transport of 800 pounds of marijuana constituted prosecutorial misconduct and that the resulting prejudice was so substantial that his conviction should be reversed. "The district court has broad discretion in determining whether an allegedly improper question has so tainted the trial as to require a mistrial." *United States v. Robinson,* 774 F.2d 261, 277 (8th Cir.1985) (citing *United States v. Clinton,* 711 F.2d 115, 117 (8th Cir.1983) and *United States v. Elliot,* 674 F.2d 754, 755 (8th Cir.1982)). Under most circumstances, an instruction to the jury to disregard the question or response will cure any resulting prejudice. *See United States v. Muza,* 788 F.2d 1309, 1312 (8th Cir.1986) (citation omitted); *United States v. Flemino,* 691 F.2d 1263, 1267 (8th Cir.1982) (per curiam) (upholding decision to deny mistrial after improper remark made by prosecutor during closing argument). Reviewing the issue on appeal, "we

**946**

examine 'the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of [appellant's] guilt.' " *Muza*, 788 F.2d at 1312 (quoting *United States v. Reed*, 700 F.2d 638, 646 (11th Cir.1983) (citation omitted)). In the present case, the district court clearly instructed the jury to disregard all of the questions and responses related to the planned trip and thus minimized any prejudice resulting from the government's questions.[3] *United States v. Leisure*, 844 F.2d 1347, 1363 (8th Cir.1988). Moreover, the remaining evidence against appellant was substantial, undisputed and independent of any alleged error. *Id.* at 1363; *Muza*, 788 F.2d at 1312–13. The government proffered four eyewitness accounts of appellant loading and transporting the seventy pounds of marijuana to Arkansas where government agents, after further observation, made the arrest. Based on the strength of the government's case, the district court's warnings and the minimal prejudicial effect of the prosecution's questions, we hold that the district court did not abuse its discretion in denying appellant's motion for a mistrial.

### 2. District Court's Denial of A Two-Level Reduction for Acceptance of Responsibility

Appellant argues that he was entitled to a two-level reduction for acceptance of responsibility because he admitted his involvement in the conspiracy, indicated a desire to cooperate with the government, acknowledged his guilt while testifying at trial, and disclosed his involvement to his probation officer for use in preparing his presentence report. Appellant further argues that he should not forfeit the reduction because he relied on a defense of entrapment. The district court denied the reduction, finding that appellant, although admitting that he committed the acts charged, nevertheless maintained that his conduct was not criminal, expressed no remorse and continued to deny responsibility for any criminal conduct even though he had previously been convicted of a similar drug offense.

■ A defendant may receive a two-level reduction for acceptance of responsibility if by pleading guilty or by other actions "demonstrates a recognition and affirmative responsibility for the offense" and "sincere remorse." *United States v. Knight*, 905 F.2d 189, 192 (8th Cir.1990) (citations omitted). "The issue of accepting responsibility is for the trial judge to decide" and even a guilty plea does not guarantee a reduction. *United States v. Young*, 875 F.2d 1357, 1360–61 (8th Cir. 1989); U.S.S.G. § 3E1.1(c). Moreover:

'[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review' and should not be disturbed unless it is without foundation.

*United States v. Johnson*, 879 F.2d 331, 335 (8th Cir.1989) (quoting U.S.S.G. § 3E1.1, comment. (n. 5)).

■ Appellant was caught transporting seventy pounds of marijuana. He was advised to contact the government if he wished to cooperate and although he later met with agents and gave a full statement of his activities, he subsequently refused to cooperate any further. He admitted his acts, but denied that he did anything wrong and expressed no remorse. The district court had a chance to observe appellant's demeanor when he testified at the trial and later took the testimony of the probation officer during the sentencing hearing. Based on the foregoing, the district court's determination that appellant did not accept responsibility is not without foundation and

---

**3.** The government also contends that evidence regarding the proposed transaction was admissible as part of res gestae, *United States v. Dunbar*, 614 F.2d 39, 42 (5th Cir.1980) (per curiam) (admitting evidence of conversation about possible future transaction because "[t]he conversation was probative of defendant's willingness to distribute drugs unlawfully and its value in proving intent outweighed any improper prejudice"), and to show plan, intent or motive pursuant to Federal Rule of Evidence 404(b). *United States v. Lanier*, 838 F.2d 281, 285 (8th Cir. 1988) (per curiam) (citation omitted). We need not reach the issue on appeal because even if such evidence were inadmissible, the district court gave appropriate cautionary instructions.

the denial of the two-level reduction is affirmed. *United States v. Hill*, 911 F.2d 129, 131 (8th Cir.1990) (per curiam) (denying reduction for acceptance of responsibility because appellant did not express sorrow or state that he wished that he had not committed a crime), *petition for cert. filed*, No. 90–5999 (Oct. 18, 1990).

III. Conclusion

The district court did not abuse its discretion by denying appellant's motion for a mistrial or by denying a two-level reduction for acceptance of responsibility. Accordingly, we affirm appellant's conviction and sentence.