936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Garry W. NEWMAN, Defendant/Appellant.
 No. 90-3826.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1991.*
Decided June 26, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Garry W. Newman pleaded guilty to one count of embezzlement of federal funds in violation of 18 U.S.C. Sec. 641 and was sentenced under the Sentencing Guidelines to a four month prison term followed by four months of supervised release. Mr. Newman was also ordered to pay $5,000 in restitution. Mr. Newman appeals that sentence, arguing that the district court improperly increased his sentence under Guidelines Sec. 2B1.1(b)(5) on the grounds that his embezzlement involved "more than minimal planning". For the reasons stated below, we find the district court properly applied a two-level enhancement and affirm the district court's decision.
 
 FACTS
 
 2
 Mr. Newman and a partner obtained a contract with the U.S. Department of Housing and Urban Development (HUD) to act as a closing agent in Indiana for sales of homes owned by HUD. Mr. Newman and his partner conducted this business through a corporation, Closing Services. As part of their responsibility as HUD closing agents, Mr. Newman and his partner maintained an escrow account in the name of Closing Services in which they deposited funds obtained upon the sale of HUD property. These funds were to be wire-transferred to a HUD account in Washington, D.C. either the day of a closing or the following banking day.
 
 
 3
 In October, 1988 Mr. Newman undertook daily supervision of the activities of Closing Services. In June, 1990 Mr. Newman's partner revealed to the Federal Bureau of Investigations (FBI) that Mr. Newman had embezzled funds from the escrow account maintained by Closing Services. As a result, the FBI placed a wiretap on the partner's telephone and recorded a conversation between Mr. Newman and the partner. In that conversation, Mr. Newman admitted that he had drawn six checks from the escrow account, deposited them in an account under his sole control, and used the money, approximately $55,000, to pay for Closing Services business expenses, among other things.
 
 
 4
 Mr. Newman voluntarily appeared before FBI agents, at which time he admitted embezzling $54,425 from the HUD escrow account by writing six separate checks, on four separate occasions, to a corporation under his exclusive control. Mr. Newman wrote the first and second check on February 6, 1989, the third check on March 13, 1989, the fourth check on March 14, 1989, and the fifth and sixth checks on April 12, 1989. In each case, Mr. Newman signed the checks in the name of Cheryl Newman, the Closing Services office manager, although he was authorized to sign the checks in his own name.
 
 ANALYSIS
 
 5
 Mr. Newman's sentence included a two-level enhancement for more than minimal planning as provided for by Guideline Sec. 2B1.1(d)(5). The Sentencing Guidelines general application notes explain that "more than minimal planning" exists in "any case involving repeated acts over a period of time unless it is clear that each instance was purely opportune." Furthermore, "significant affirmative steps [ ] to conceal the offense indicate more than minimal planning," as does "several instances of taking money, each accompanied by false entries". Sentencing Guideline 1B1.1, Application Note 1(f). In fact, the application notes observe that "more than minimal planning" will "apply especially frequently in property offenses." Id.
 
 
 6
 In reviewing district court's sentencing determinations under the Sentencing Guidelines, we afford due deference to the district court's application of the guidelines to the facts. United States v. Hassan, No. 89-2559, slip op. at 4 (7th Cir. March 6, 1991). We accept the district court's findings of fact unless they are clearly erroneous. Id.; United States v. White, 903 F.2d 457, 460 (7th Cir.1990). Contrary to the appellant's contention, we treat a decision to apply an enhancement factor as a factual determination and Mr. Newman must prove that the district court was clearly erroneous in determining that his activities warranted a two-level enhancement for more than minimal planning. United States v. Lennick, 917 F.2d 974, 979 (7th Cir.1990).
 
 
 7
 We have upheld "more than minimal planning" enhancements in cases where a relatively small amount of planning was involved. See Lennick, 917 F.2d at 979 (creating a two letter paper trial and collecting cases describing acts constituting more than minimal planning); United States v. Ojo, 916 F.2d 388, 392 (7th Cir.1990) (possession of multiple forms of false identification); see also United States v. Culver, 929 F.2d 389 (8th Cir.1991) (purchase of disguises alone constitutes more than minimal planning).
 
 
 8
 Mr. Newman's activities fall squarely within those described in the Application Note as examples constituting more than minimal planning. Mr. Newman transferred funds from the HUD account to an account he controlled on several instances. These transfers were not so close in time to constitute one act but were such so as to show a pattern of continuing behavior. Furthermore, Mr. Newman took affirmative steps to conceal the offense. Although he was authorized to draw checks with his signature, he signed another authorized individual's name to each of the six checks involved in this offense.
 
 
 9
 Therefore, it was not clearly erroneous for the district court to apply a two-level enhancement for "more than minimal planning". The district court's sentencing determination is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record