977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John DAUGHETEE, Defendant-Appellant.
 Nos. 90-10517 to 90-10520.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Daughetee appeals his sentence under the Sentencing Guidelines, imposed after he pleaded guilty to six counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). At sentencing, under the authority of 18 U.S.C. 3553(b), the district court departed upward from the Guidelines range on alternative grounds; namely that Daughetee, who has a history of mental illness and is a skilled marksman, presented an extreme danger to the public, see U.S.S.G. § 5K2.14, or alternatively, that Daughetee committed the bank robberies in order to facilitate the commission of other crimes. See id. at § 5K2.9. Additionally, the court refused Daughetee's request for a downward departure under section 5K2.12, which permits departures based upon coercion or duress, because he had heard voices telling him to rob the banks.
 
 DISCUSSION
 
 3
 Because the upward departure was based on two alternative grounds, we may affirm the departure so long as one of the two grounds was proper. See United States v. Hernandez-Valenzuela, 932 F.2d 803, 805 (9th Cir.1991). To determine whether an upward departure was proper, we must apply the three-part test announced in United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc). The first step requires us to determine de novo whether the district court had legal authority to depart based upon a determination that aggravating circumstances were present, which the Commission did not adequately take into account when it formulated the Guidelines. Id. at 746. We next review for clear error the factual findings supporting the existence of the identified circumstance. Id. Finally, we must decide whether the extent of departure from the applicable Guideline range was "unreasonable" within the meaning of 18 U.S.C. § 3742(e)(3) and (f)(2), which define the standard of appellate review. Id. at 747.
 
 A. CRIMINAL PURPOSE DEPARTURE
 
 4
 (1) Legal Authority
 
 
 5
 Daughetee concedes that a departure is authorized under the Guidelines when a defendant commits an offense in order to facilitate the commission of another offense. See U.S.S.G. § 5K2.9.
 
 
 6
 (2) Factual Findings
 
 
 7
 The district court upwardly departed under section 5K2.9 based upon its finding that Daughetee committed the bank robberies in order to facilitate the commission of other offenses; specifically, the assault on the presidents and perhaps the killing of school children. Relying on United States v. Ceja-Hernandez, 895 F.2d 544, 545 (9th Cir.1990) (per curiam), Daughetee argues that this finding is not supportable because there was no independently developed evidence that Daughetee ever attempted to assassinate a president, and no suggestion that he ever attempted to harm children. Daughetee also contends it is significant that the court did not find that Daughetee had in fact committed any other offense.
 
 
 8
 In Ceja-Hernandez, we held that to depart under section 5K2.9, there must be evidence to support a finding by the district court that the defendant committed the offense in order to facilitate or conceal the commission of another offense. Id. The record in this case is replete with evidence that would support a finding by the district court that Daughetee committed the bank robberies in order to finance his pursuit of the presidents. In addition to Daughetee's own detailed admission of his efforts to kill the presidents, certain facts recited by him were verified by the Secret Service and corroborated his account. Nor was it necessary that Daughetee actually commit the facilitated offense. See, e.g., United States v. Durham, 941 F.2d 858, 864 (9th Cir.1991) (permissible for court to depart upward under section 5K2.9 when an offense was committed in order to conceal another offense when the finding is supported by a preponderance of the evidence); see also United States v. Culver, 929 F.2d 389, 392 (8th Cir.1991) (upward departure permissible under section 5K2.9 when an offense was committed in order to facilitate another offense when the record supports the finding).
 
 
 9
 Finally, Daughetee asserts that he robbed the banks not to facilitate killing the presidents, but because voices told him to. His argument is unavailing in this context. That assertion is relevant to whether Daughetee could disprove guilt for his actions, see United States v. Twine, 853 F.2d 676, 679 (9th Cir.1988), or whether he was legally competent at the time his sentence was imposed. Daughetee is not asserting either on appeal.
 
 
 10
 (3) Reasonableness
 
 
 11
 In its sentencing statement, the district court must include a reasoned explanation of the extent of the departure founded on the structure, standards, and policies of the Act and Guidelines. Lira-Barraza, 941 F.2d at 751. Here, the Guideline range for Daughetee was 57-71 months, yet the upward departure resulted in a sentence for 240 months. Because Daughetee was sentenced almost a year before our decision in Lira-Barraza, it does not surprise us that the court did not explain how it arrived at the 169 month departure. We are unable to assess the reasonableness of the court's degree of departure from the record. We therefore vacate the sentence imposed and remand to the district court for resentencing. Because we otherwise find the district court's decision to depart upward under the authority of section 5K2.9 reasonable, we need not decide whether its departure under section 5K2.14 was permissible.
 
 B. COERCION AND DURESS DEPARTURE
 
 12
 A district court's discretionary refusal to depart from the Guidelines is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). If the court indicates, however, that it did not have the discretion under the Guidelines to depart, we review the decision de novo. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992). In this case, the district court stated that it interpreted section 5K2.12 to require external compulsion, rather than internal motivations, in order to downward depart. Apparently, under the circumstances of this case, the district court indicated that section 5K2.12 was inapplicable, thus, we review de novo.
 
 
 13
 Section 5K2.12 authorizes a downward departure "[i]f the defendant committed the offense because of serious coercion, blackmail or duress.... Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency." U.S.S.G. § 5K2.12 (emphasis added). The plain language of this section requires that the threat come from a third person or a natural emergency. Neither was the source of Daughetee's alleged coercion and duress. Additionally, section 5K2.13 forecloses the defendant from asserting diminished capacity in order to mitigate the penalty for his actions in this case. See U.S.S.G. § 5K2.13; see also United States v. Borrayo, 898 F.2d 91, 94 (9th Cir.1989). Daughetee cited no legal authority, nor could we find any, to support his contention that section 5K2.12 would extend to coercion or duress imposed upon the defendant from forces within himself. The district court correctly determined that section 5K2.12 was inappropriate in these circumstances to authorize a downward departure.
 
 
 14
 Daughetee's sentence is vacated and this case is remanded to the district court for resentencing.
 
 
 15
 VACATED AND REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3