Sorkis SANDERS–EL, Appellant,

v.

Det. WENCEWICZ; Det. Kelly; Officer Wilhite; Sgt. Keogh, Appellees.

No. 92–1337.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1993.

Decided Feb. 23, 1993.

Vanessa K.R. Keith, St. Louis, MO, argued, for appellant.

Julian L. Bush, Associate City Counselor, St. Louis, MO, argued (James J. Wilson, City Counselor, on the brief), for appellees.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Senior Circuit Judge.

In the morning of 19 May 1989 City of St. Louis police officers stopped the car driven by 22–year–old Sorkis Sanders–El pursuant to a warrant for his arrest. The officers arrested Sanders–El, handcuffed him, and put him in the back seat of a police vehicle. As one of the officers was closing the door of the vehicle, Sanders–El kicked it open and fled. The officers gave chase. When the officers re-apprehended Sanders–El—who was still handcuffed—a struggle ensued during which Sanders–El sustained injuries to his eye, face, and head.

Sanders–El filed this action against the officers pursuant to 42 U.S.C. § 1983, alleging the officers used excessive force, depriving him of constitutional rights. A jury first heard the dispute in August 1991, but the magistrate judge declared a mistrial when the jury could not agree on a verdict. A second trial in December 1991 ended with a verdict in favor of the defendant police officers. Sanders–El appeals from the judgment entered on that verdict. We reverse and remand for a new trial.

Sanders–El argues there were numerous prejudicial errors in the trial below, including faulty evidentiary rulings, incomplete instructions to the jury, and racially biased peremptory challenges to members of the venire. What most troubles us, however, was the intentionally prejudicial conduct of defense counsel—particularly an incident in which defense counsel, when cross-examining the plaintiff about prior criminal convictions, dramatically dropped a lengthy computer printout in front of the jury.[1]

The manifest intent of the conduct was to arouse the prejudices of the jury by leading it to believe Sanders–El had the conviction record of a veteran vocational criminal. Counsel conducted this piece of theatrics despite pretrial discussions in which the court indicated its intention not to admit such evidence. After objections by both the plaintiff and his counsel, the court excused the jury and admonished defense counsel against a repetition of the display:

> [T]he record should reflect that defense counsel ... beginning to question the witness about his prior record dramatically dropped in front of the jury a computer printout of some approximately—what looks like about 10 feet of paper [—] then beginning to question the witness from it. That I think is uncalled for. It's not been shown to me that he has convictions which would warrant that kind of a display in front of the jury and I will caution you not to engage in such displays again in this lawsuit.

Vol. I Noce Trial Transcript at 142 (No. 89–1710–C(2)). Plaintiff also moved the court for sanctions and a mistrial, and the court denied the motion.

■ The standard of review applicable to a trial court's denial of a motion for mistrial is abuse of discretion. *United States v. Muza,* 788 F.2d 1309, 1312 (8th Cir.1986). In appraising the trial court's exercise of its discretion, we bear in mind that "[i]mproper questioning by counsel 'generally entitles the aggrieved party to a new trial' if such questioning 'conveys improper information to the jury and [ ... ] prejudices the opposing litigant.'" *Williams v. Mensey,* 785 F.2d 631, 637 (8th Cir.1986) (quoting *Harris v. Zurich Ins. Co.,* 527 F.2d 528, 531 (8th Cir.1975)).

More than eighty-five years ago this court made clear that under our system of jurisprudence

> [i]t is the duty of the court and of its officers, the counsel of the parties, to prevent the jury from the consideration of extraneous issues, of irrelevant evidence, and of erroneous views of the law, to guard it against the influence of passion and prejudice, and to assure to the litigants a fair and impartial trial. An omission by court or counsel to discharge this duty, or a persistent violation of it, is a fatal error, because it makes the trial unfair.

*Union Pac. R.R. Co. v. Field,* 137 F. 14, 15 (8th Cir.1905).

Defendants cite 88 C.J.S. *Trial* § 199 (1955) for the proposition that improper conduct by counsel ordinarily is cured by rebuke or reprimand of counsel if the conduct is not repeated. The same authority, however, states in black letter that "[i]t is highly improper for counsel, acting in bad faith, to make statements or ask questions or engage in other conduct as to witnesses merely to prejudice his opponent's case before the jury." *Id.* § 162(b). Further, "[t]he misconduct of counsel may be such that its effect cannot be overcome by an admonition to the jury ... [or] by rebuke

---

**1.** We note that defendants' counsel of record on this appeal did not represent the defendants at trial.

or admonition of counsel ... and in such case the court should grant a discontinuance, mistrial, withdrawal of a juror, discharge of the jury, or a new trial." *Id.* § 202.

It is not only the conscious impropriety of counsel here that we find troubling, but also the nature of the information counsel improperly intended to convey to the jury. Before the second trial commenced, the judge indicated that Sanders–El's prior felony convictions were admissible for impeachment purposes, but that it was his intention not to allow evidence of prior arrests or probation violations. This sound evidentiary ruling conforms to "[t]he longstanding rule in this circuit ... that the credibility of a witness may not be impeached by showing that he has been accused of, charged with, or arrested for a crime which has not culminated in a conviction." *United States v. Kirk,* 496 F.2d 947, 949 (8th Cir.1974). "This rule is based upon a clear recognition of the fact that the probative value of such evidence is so overwhelmingly outweighed by its inevitable tendency to inflame or prejudice the jury...." *United States v. Ling,* 581 F.2d 1118, 1121 (4th Cir.1978). Counsel nonetheless attempted to present the arrest record to the jury first by asking Sanders–El on cross-examination *which* arrest he had been referring to in Sanders–El's response to a prior question. After a sustained objection terminated this line of questioning, counsel continued his cross-examination until it culminated in the computer printout fiasco.

■ Whether errors had a significant prejudicial influence on the jury in a particular case admittedly is a fine question of judgment in which precedents give little guidance, for what may be harmless in a case where the evidence strongly favors one party may be fatally prejudicial in a close case. *Fortunato v. Ford Motor Co.,* 464 F.2d 962, 976 (2d Cir.) (Mansfield, J., concurring and dissenting), *cert. denied,* 409 U.S. 1038, 93 S.Ct. 517, 34 L.Ed.2d 487 (1972). In appraising prejudicial remarks and conduct such as involved here, the court must consider "the climate of the contest in which it occurred." *Westchester Fire Ins. Co. v. Hanley,* 284 F.2d 409, 416 (6th Cir.1960), *cert. denied,* 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 860 (1961).

■ Even out of context we are dismayed at defense counsel's impertinence, and agree with the trial judge that the conduct was "uncalled for." If this were an isolated incident in a case in which the dispute were not as close, we might have difficulty finding prejudice. In this case, however, we encounter no such difficulty. First, the case was exceedingly close—so close that once already a jury could not agree. Second, the incident was neither isolated nor accidental. Counsel, knowing that such evidence was irrelevant and prejudicial, once already had alluded to the plaintiff's arrest record in front of the jury. After the court sustained the objection to that tactic, counsel resorted to the less candid but equally prejudicial theatrical display at issue. Third, the record does not reveal that the jury received any curative instruction. Left with the distinct impression that the plaintiff was a hardened criminal with a long history of arrests, the jury retired to consider its verdict without an instruction from the court to disregard such evidence in its deliberations. Fourth, as the case law instructs, the nature of this irrelevant evidence is especially prejudicial. Fifth, considering the climate of the contest, we note that this claim by a black plaintiff against white police officers rests largely on the word of Sanders–El against that of the police. Such a case, of necessity, brings the credibility of the witnesses sharply into focus—thus highlighting the significance of the resulting prejudice. *See United States v. Pennix,* 313 F.2d 524, 531 (4th Cir.1963).

Considering all the circumstances of the case, we find prejudicial error in defense counsel's courtroom misconduct, and abuse of discretion in the trial court's denial of plaintiff's motion for a mistrial. The other alleged errors we do not reach. Accordingly, based on the foregoing, we reverse and remand for a new trial.

**486**

BOWMAN, Circuit Judge, dissenting.

The ruling of a trial court on a motion for mistrial is subject to a deferential standard of review. *United States v. Huff,* 959 F.2d 731, 735 (8th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 162, 121 L.Ed.2d 110 (1992). Such rulings are within the broad discretion of the trial court, and we will reverse the trial court only where an abuse of that discretion is shown. *United States v. Culver,* 929 F.2d 389, 391 (8th Cir.1991).

Here, the trial court rebuked counsel for dropping the computer printout in front of the jury, and the offending conduct was not repeated. The jury was entitled to weigh plaintiff's prior convictions in assessing his credibility, and aside from anything improperly communicated to the jury about plaintiff's prior arrests, the jury knew by his own admission that he had not led a saintly life. The trial court was in a far better position than we are to make a well-informed judgment as to whether misconduct by the defendants' counsel had unfairly prejudiced the jury's attitude toward the plaintiff. The finding that it had not comes to us from an experienced and respected trial judge, and I see no compelling reason for this Court to disturb that finding.

It is all too easy for this Court, working from a cold record and applying broad principles of trial practice, to assign to events occurring during the course of trial a significance they did not actually have. That is precisely why a reviewing court should give broad deference to the ruling made by the trial court in matters of this sort. As I am unable to conclude that the trial court abused its discretion in denying plaintiff's motion for a mistrial, I would affirm the judgment entered on the jury verdict.