5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Stephanie Diane NEELY, Appellant.
 No. 93-1850.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1993.
Filed: September 20, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stephanie Diane Neely appeals from the final judgment entered by the district court[1] upon a jury verdict finding her guilty of conspiracy to commit bank robbery in violation of 18 U.S.C. Sec. 371, and armed bank robbery in violation of 18 U.S.C. Sec. 2113(d). We affirm.
 
 
 2
 According to the trial testimony of government witness Bobby Huggins, he and Carla Renee Cohn drove from Little Rock, Arkansas, on March 31, 1992, to gather information about a bank in Biscoe, Arkansas. When the two returned, they contacted Neely and went to a park where the three discussed participating in a bank robbery. On their way from Little Rock to Biscoe the next day, Huggins, Cohn, and Neely stopped at a book store where Neely sold a book to get gas money for the trip. Once in Biscoe, the three robbed the bank. Huggins and Neely went into the bank, and Cohn drove the car.
 
 
 3
 During the trial, Huggins made vague statements about "another case" and "other cases" involving Neely. These statements were not responsive to the government's questions. Defense counsel objected and moved for mistrial after each statement. The court denied the motions and instructed the jury to disregard the testimony. The government later introduced evidence of two January 1992 armed robberies involving Cohn and Neely, to rebut Neely's testimony that Huggins coerced her to rob the Biscoe bank.
 
 
 4
 On appeal, Neely argues that the trial court erred in denying her motions for mistrial based on Huggins's testimony, and in admitting the evidence of the prior armed robberies.
 
 
 5
 The district court has broad discretion in determining whether a trial has been so tainted by prejudicial testimony as to warrant a mistrial. United States v. Clair, 934 F.2d 943, 945 (8th Cir. 1991). An instruction to the jury to disregard the testimony will usually cure any resulting prejudice. Id. In determining whether the admission of Huggins's testimony infringed Neely's Sixth Amendment right to a fair trial, this court considers the context of the challenged testimony and the prejudice created versus the strength of the evidence of Neely's guilt. See id. at 945-46. In the context of the entire trial, Huggins's references to "other cases" did not deny Neely a fair trial. First, after each inappropriate response by Huggins, the court instructed the jury to disregard the testimony, thereby minimizing the prejudice. Second, the court later admitted evidence of Neely's other alleged crimes pursuant to Federal Rule of Evidence 404(b). Therefore, Huggins's statements which might be interpreted as relating to other crimes were no more damaging than that later evidence. See United States v. Culver, 929 F.2d 389, 391-92 (8th. Cir. 1991). Any resulting prejudice did not outweigh the strength of the evidence of Neely's guilt. We conclude the trial court did not abuse its discretion in denying Neely's motions for mistrial.
 
 
 6
 This court reviews for abuse of discretion the district court's decision to admit evidence of other crimes under Rule 404(b). United States v. Aranda, 963 F.2d 211, 215 (8th Cir. 1992). "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show" that his or her conduct on a particular occasion was in conformity with it. Fed. R. Evid. 404(b); Culver, 929 F.2d at 391. Such evidence may be offered, however, "to prove motive, intent, opportunity, knowledge, preparation, common scheme or plan, identity, or absence of mistake or accident." United States v. Nabors, 761 F.2d 465, 470 (8th Cir.), cert denied, 474 U.S. 851 (1985). To be admissible, the evidence of prior acts must be:
 
 
 7
 (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged.
 
 
 8
 Aranda, 963 F.2d at 215 (quoting United States v. Campbell, 937 F.2d 404, 406 (8th Cir. 1991)). Once these requirements have been met, the court should give a cautionary instruction to the jury. Nabors, 761 F.2d at 471.
 
 
 9
 The evidence of Neely's two prior armed robberies was properly admitted under Rule 404(b) to rebut Neely's testimony that Huggins coerced her to rob the bank. The evidence was relevant to the issue of coercion. The evidence was in the form of direct testimony by Cohn, and direct testimony is sufficient to meet the preponderance-of-the-evidence standard. See Nabors, 761 F.2d at 471 (direct testimony sufficient to meet clear-and-convincing-standard). The probative value in proving Neely's state of mind or intent-and thus, the lack of coercion-outweighed the prejudice. The prior acts were similar in kind and close in time to the crime charged. Further, the court did give the jury a cautionary instruction. We conclude the trial court did not abuse its discretion in admitting evidence of the two armed robberies.
 
 
 10
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas