15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bonita Jean GOEKE, Defendant-Appellant.
 No. 93-30039.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided Feb. 3, 1994.
 
 1
 Before: GOODWIN and HUG, Circuit Judges, and McKIBBEN* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Bonita Goeke pled guilty to unlawful acquisition of food stamps in violation of 18 U.S.C. Sec. 2024(b), and appeals her sentence. We affirm.
 
 
 4
 The district court correctly found that Mrs. Goeke was "an organizer, leader, manager or supervisor" of Clyde Goeke and that she engaged in "more than minimal planning" of her offense.
 
 
 5
 Bonita and Clyde Goeke received public assistance from the state of Washington in the form of financial aid, medical aid, and food stamps for themselves and their five children. The Goekes received this assistance on a monthly basis from December 1, 1988 through May 31, 1991.
 
 
 6
 Bonita and Clyde Goeke were divorced from May 1986 until their remarriage in March 1989. Mrs. Goeke did not report the remarriage until ten months later, during which time she received assistance based upon a single parent family. Had the remarriage been reported, lower assistance rates would have been applicable. Mrs. Goeke was required to report this change in circumstances, and acknowledged to Washington Department of Social and Health Services (DSHS) officials that she was aware of this requirement. On at least one occasion after the remarriage, she specifically denied to a DSHS caseworker being married to Clyde Goeke.
 
 
 7
 During the time the Goeke family received assistance, Clyde Goeke was employed by one or more employers. From March 1989 through October 1990 and from December 1990 until May 1991, he was a bulldozer operator for Al Abel Bulldozing. Mr. Goeke also ran his own business named Tree Fall Land Construction. Deposits totalling $51,378.91 were made in a Security Pacific Bank checking account under the name of Tree Fall Land Construction from April to August 1989, yet neither this income nor Clyde's employment were reported to DSHS officials. Tree Fall Land Construction also received $15,452.44, less attorney's fees, in 1990 from an insurance settlement. Bonita was Clyde's bookkeeper and was aware of these earnings, yet the Goekes failed to report this income.
 
 
 8
 From April 1, 1989 through May 31, 1991, Bonita Goeke had several personal and telephonic interviews with, and completed and submitted several documents for, the DSHS. Mrs. Goeke consistently maintained in DSHS interviews and on DSHS reports that the family had little or no income. Mr. Goeke was present at some, but not all, interviews and signed several of the various reports required by DSHS.
 
 
 9
 As a result of the public assistance applications and reports submitted by the Goeke family, it received approximately $62,677.98 in state and federal public assistance from April 1, 1989 through May 31, 1991. The total overpayment in federal funds amounted to $37,467.19.
 
 
 10
 Mrs. Goeke pled guilty to unlawful acquisition of food stamps, and the court dismissed charges of aiding and abetting the theft of government property.
 
 The Sentencing Guidelines provide that
 
 11
 [if] the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b) [criminal activity involving five or more persons], increase by 2 levels.
 
 
 12
 U.S.S.G. Sec. 3B1.1(c). Among the factors the district court considered in determining whether Bonita Goeke had a leadership role in the welfare fraud were the degree of her participation in planning or organizing the offense and the degree of control and authority exercised over others. United States v. Hernandez, 952 F.2d 1110, 1119 (9th Cir.1991), cert. denied, 113 S.Ct. 334 (1992) (citing United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990)); see also Sentencing Guidelines Sec. 3B1.1, Application Note 3. We have held that Sec. 3B1.1(c) may be properly applied to crimes, as here, involving only two participants. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 13
 In the present case, the district court found that Mrs. Goeke planned the fraudulent scheme and that she exercised control over her husband, Clyde Goeke, who himself submitted falsified forms to, and lied during interviews with, the DSHS. To prevail on appeal, Goeke must show the district court clearly erred in finding by a preponderance of the evidence that she was "an organizer, leader, manager, or supervisor" under Sec. 3B1.1. United States v. Hernandez, 952 F.2d supra, at 1119. We cannot say that the district court's findings were clearly erroneous.
 
 
 14
 Goeke's second claim that the district court erred in enhancing her sentence for "more than minimal planning" pursuant to U.S.S.G. Sec. 2F1.1(b)(2) also lacks merit. Goeke's actions amounted to more than "spur of the moment conduct, intended to take advantage of a sudden opportunity." United States v. Rust, 976 F.2d 55, 57 (1st Cir.1992); accord United States v. Ivery, 999 F.2d 1043, 1046 (6th Cir.1993). Here also we cannot say that the district court's finding of more than minimal planning is clearly erroneous. United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992).
 
 
 15
 Finally, recent Ninth Circuit precedent controls Goeke's third claim. See United States v. Kelly, 993 F.2d 702 (9th Cir.1993). Accordingly, we hold that the district court did not engage in impermissible double counting by enhancing Goeke's sentence under both Sec. 3B1.1(a) and Sec. 2F1.1(b)(2) of the Sentencing Guidelines.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3