103 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Evelyn Ruiz GARCIA, Defendant-Appellant.
 No. 96-2453.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 26, 1996.
 
 Before CUMMINGS, RIPPLE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Evelyn Ruiz Garcia was employed as a data entry clerk at Marshall & Ilsey Bank (M & I Bank) Support Services in Wisconsin. As part of her duties, Garcia was responsible for entering information into a computer for various customer transactions, including overdraft fee refunds. Approximately eight months into her job, she started crediting her own bank account with the overdraft refunds. Her embezzlement began with one $40.00 credit. After she was not confronted, Garcia increased the timing and amounts of the illegal credits to her account to the point that she was embezzling $600.00 twice a day approximately every other day. Between August 1995 and November 13, 1995, she illegally credited her own account with a total of $15,271.26 on 51 occasions.[1]
 
 
 2
 On March 20, 1996, Garcia pleaded guilty to a one-count information charging her with embezzling more than $100 in violation of 18 U.S.C. § 656. The Presentence Report ("PSR") recommended a two point increase in the offense level for "more than minimal planning" pursuant to U.S.S.G. § 2F1.1(b)(2)(A) which the district court adopted. An enhancement under the "more than minimal planning" prong of § 2F1.1(b)(2)(A) may be applied in three circumstances: (1) more planning than typical; (2) taking steps to conceal the offense; or (3) repeated acts that were not opportune. United States v. Maciaga, 965 F.2d 404, 406 (7th Cir.1992). The district court relied on the repeated fraudulent computer entries which, it concluded, were not purely opportune, to apply the enhancement.
 
 
 3
 We review a district court's decision to enhance a sentence for "more than minimal planning" under the clearly erroneous standard. United States v. Viemont, 91 F.3d 946, 949 (7th Cir.1996) (citing United States v. Channapragada, 59 F.3d 62, 65 (7th Cir.1995); United States v. Maciaga, 965 F.2d 404, 406 (7th Cir.1992) (citing United States v. Lennick, 917 F.2d 974, 979 (7th Cir.1990). We will accord the district court's factual determinations deference and reverse only if we are left " 'with a definite and firm conviction that a mistake has been committed.' " Maciaga, 965 F.2d at 406 (citing United States v. White, 903 F.2d 457, 466 (7th Cir.1990) (quoting United States v. Herrera, 878 F.2d 997, 1000 (7th Cir.1989)).
 
 
 4
 On appeal, Garcia argues that each of the embezzlements was purely opportune and did not warrant an increase for "more than minimal planning." She contends that the act of illegally crediting her account involved only a few keystrokes on the computer that took only several seconds to complete and because no special skill, knowledge or preparation was necessary to commit the offense, her actions were purely opportune. Furthermore, she disputes the government's characterization that her acts were planned. Ms. Garcia's arguments, however, lack merit for two reasons.
 
 
 5
 First, Ms. Garcia's crime involved taking money by falsely making an entry in the bank's computer system which would credit her own account with money that did not belong to her. Thus, the express wording of the Guidelines Commentary dictates that Ms. Garcia's actions warrant application of the two-level "more than minimal planning" increase. U.S. Sentencing Guidelines § 1B1.1, Commentary to the General Application Instructions, Application Note 1(f) (emphasis added) ("creating purchase orders to, and invoices from, a dummy corporation for merchandise that was never delivered would constitute more than minimal planning, as would several instances of taking money, each accompanied by false entries ").
 
 
 6
 Second, the case law indicates that the two level increase was appropriate. While Ms. Garcia may not have engaged in a complex scheme to hide her entries, she made 51 illegal entries to her account. Under the Guidelines, each instance of the repeated act must be purely opportune to avoid the "more than minimal planning" enhancement. Maciaga, 965 F.2d at 407 (emphasis added). To say that each of the 51 entries was mere chance stretches reason. Furthermore, several courts which have addressed this issue, including this one, have stressed the repetitive nature of the fraudulent acts in finding "more than minimal planning." United States v. Mau, 45 F.3d 212, 214 (7th Cir.1995) (affirming the district court's enhancement for "more than minimal planning" under § 2F1.1(b)(2)(A), noting that the defendant "kited a huge volume of checks over a period of seven months," and that the volume and face amount of the checks, along with the defendant's business experience, tended to show that the acts were not purely opportune); United States v. Doherty, 969 F.2d 425, 430 (7th Cir.), cert. denied, 506 U.S. 1002 (1992) (concluding that the district court had committed clear error when it did not enhance Mr. Doherty's sentence for "more than minimal planning," stating that "[d]rafting 40 overdraft checks during a single month, few if any of which appear to be purely opportune, arguably fits [the more than minimal planning] profile."); see also United States v. Lindholm, 24 F.3d 1078, 1086 (9th Cir.1994) ("The fact that defendant's behavior was repeated and involved an extended period of time implicates appellant's scheme as involving more than minimal planning."); United States v. Monaco, 23 F.3d 793, 797 (3d Cir.1994) (noting the repetitive nature of the defendant's actions and that "[i]nstead of ending the fraud, [the defendant] continued it" in its determination of more than minimal planning); United States v. Rust, 976 F.2d 55, 57 (1st Cir.1992) ("Defendant's fraudulent scheme here involved repeated acts over a four-year period, and those acts cannot reasonably be characterized as 'purely opportune.' ").
 
 
 7
 Moreover, the fact that the illegal transactions created a pattern in frequency and amount indicates that the transactions were not "spur of the moment" decisions by Garcia. See Rust, 976 F.2d at 57 (defining "purely opportune" as "spur of the moment conduct, intended to take advantage of a sudden opportunity"). We conclude that the district court's application of the two level enhancement for "more than minimal planning" was not clearly erroneous.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Upon being confronted, Ms. Garcia stated that she had taken an additional $1,200 for a total of $16,471.46. R. 14, Presentence Investigation Report, p. 6