# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3725

_____

United States of America,

        Appellee,

      v.

Dale Gaver,

        Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Nebraska.

_____

Submitted: March 14, 2006
Filed: June 27, 2006

_____

Before COLLOTON, HEANEY, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Dale Gaver conditionally pled guilty to unlawful possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 29 months' imprisonment. Gaver appeals the denial of his motion to suppress evidence and his sentence. We affirm.

On July 29, 2004, a judge in Nebraska issued a warrant to search Gaver's residence for controlled substances. Pursuant to the request of investigating officers, who cited information giving reason to believe that there were rifles and handguns in the residence, the issuing judge specified that the officers were authorized to enter the

residence without knocking and announcing their presence. *See* Neb. Rev. Stat. § 29-411. Upon executing the warrant, the officers seized methamphetamine and five firearms.

After he was indicted, Gaver filed a motion to suppress the evidence seized from his home, arguing that the no-knock entry was inconsistent with the Fourth Amendment. A magistrate judge[1] recommended denial of the motion, finding that the officers had reasonable suspicion that knocking and announcing their presence would threaten their safety, inhibit their investigation, or be futile, and that, in any event, the officers had acted in good-faith reliance on the warrant. The district court[2] disagreed that a no-knock entry was reasonable, but concluded that the officers reasonably relied on the warrant, and denied the motion to suppress.

Gaver then entered a conditional plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), reserving his right to appeal the denial of his motion to suppress. Gaver stipulated to applicable sentencing guideline provisions that resulted in an advisory guideline range of 37 to 46 months' imprisonment. At sentencing, the court chose a sentence at the low end of the advisory range, and then subtracted eight months as credit for time already served in state custody in connection with a prosecution of state offenses arising from the same operative facts that led to the federal conviction. Gaver's ultimate sentence, therefore, was 29 months' imprisonment.

On appeal, Gaver argues that the evidence gained from the search of his home should have been suppressed. According to Gaver, the search was not reasonable

---

[1]The Honorable F. A. Gossett, United States Magistrate Judge for the District of Nebraska.

[2]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

under the Fourth Amendment, because the officers entered the residence without knocking and announcing their presence. *See Wilson v. Arkansas*, 514 U.S. 927, 931-36 (1995). He further disputes the district court's conclusion that the evidence should be admitted because the officers acted in a good-faith reliance on a "no-knock" search warrant issued by a neutral magistrate.

Since the district court's ruling, the Supreme Court has held that the exclusionary rule does not apply to violations of the knock-and-announce requirement of the Fourth Amendment. *Hudson v. Michigan*, No. 04-1360, 2006 WL 1640577, at *6 (U.S. June 15, 2006). Gaver's motion to suppress was premised entirely on his contention that officers violated the Fourth Amendment by failing to knock and announce their presence, and *Hudson* disposes of his claim. We need not consider whether the officers acted reasonably by entering without knocking and announcing, because even if there were a violation of the Fourth Amendment, the exclusionary rule would be inapplicable.

Gaver also argues that his sentence was unreasonable. He asserts that the district court gave the sentencing guidelines controlling weight and did not consider the other factors identified in 18 U.S.C. § 3553(a). It is evident, however, that the court did consider Gaver's request for a "downward departure or a deviation" based on his post-offense rehabilitation and other circumstances, (S. Tr. at 12), and that the court understood its authority to vary from the advisory guidelines, but simply declined to do so. Gaver also contends that the seriousness of his offense and his personal problems with controlled substances and alcohol compelled a more lenient sentence. But Gaver stipulated to the advisory guideline range in his plea agreement, and a properly calculated guideline sentence is presumptively reasonable. *United States v. Tobacco*, 428 F.3d 1148, 1151 (8th Cir. 2005). That Gaver has struggled with substance abuse does not necessarily require a non-guidelines sentence, *cf. United States v. Dieken*, 432 F.3d 906, 909 (8th Cir. 2006), and the district court found nothing "extraordinary" about his acceptance of responsibility or his

participation in substance abuse treatment while on pre-trial release. (S. Tr. at 17-18). Gaver benefitted, moreover, from the district court's decision to reduce his sentence by eight months as a credit for his time already served in state custody, and we conclude that the sentence of 29 months' imprisonment was not unreasonable.

The judgment of the district court is affirmed.

_____