**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Merced Lopez RAMIREZ, Defendant—
Appellant.**

No. 98–50397.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 25, 2006.

Decided Aug. 3, 2006.

Anthony Pacheco, Carole C. Peterson, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Tina Long Rippy, Esq., Whittier, CA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Merced Lopez Ramirez appeals his conviction and sentence under 21 U.S.C. §§ 841(a)(1) and 846 for conspiring to manufacture and to possess with intent to distribute methamphetamine. We affirm the conviction, and remand the sentence.

The issuance of a search warrant is reviewed for clear error, to determine whether there was a substantial basis to conclude that the warrant was supported by probable cause. *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir.2004), *modified by* 425 F.3d 1248 (9th Cir.2005). Considering the totality of the circumstances, the issuing judge must determine whether there is a "fair probability" that evidence of a crime will be found in a particular place. *Id.* In making this determination, the judge must make a practical, common-sense decision, and may rely on the training and experience of affiant police officers. *United States v. Chavez–Miranda*, 306 F.3d 973, 978 (9th Cir.2002). While the evidence obtained through observation of Ramirez alone may not have been overtly incriminating, evidence of his connection to the other defendants and the corroboration of informants' tips (which implicated his residence as a distribution

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

site) created probable cause that he was involved in the methamphetamine organization, evidence of which would likely be found at his residence, including any garages or storage units under his control. *See United States v. Ocampo,* 937 F.2d 485, 490 (9th Cir.1991); *United States v. Yarbrough,* 852 F.2d 1522, 1533 (9th Cir. 1988). Even if there had been any error in the issuance of the warrant, the officers relied on the warrant in good faith, and therefore the district court did not err in denying Ramirez's motion to suppress. *United States v. Huggins,* 299 F.3d 1039, 1044 (9th Cir.2002); *United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Suppression of evidence is not an available remedy for violations of the "knock and announce" rule under 18 U.S.C. § 3109. *Hudson v. Michigan,* — U.S. —, —, —, 126 S.Ct. 2159, 2166, 165 L.Ed.2d 56, — (2006). The argument that the court abused its discretion in admitting Deputy Holeman's testimony also fails, because even if the prejudicial effect outweighed the probative value of certain statements, it is "more than not that the error did not materially affect the verdict." *United States v. Morales,* 108 F.3d 1031, 1040 (9th Cir.1997) (en banc).

With regard to his sentence, Ramirez challenges the calculation of his guideline range based on the amount of narcotics found and an enhancement for possession of a firearm. His objection to the determination of the amount of narcotics used to calculate the base offense level is unfounded, given that he stipulated to the methamphetamine amounts that were used in the calculation. Nor was the firearm enhancement improper simply because no firearms were found in Ramirez's home or on his person at the time of his arrest. The key is whether the gun was possessed during the course of criminal conduct, not whether it was present at the site. *United States v. Lopez–Sandoval,* 146 F.3d 712, 715 (9th Cir.1998). *See also United States v. Stewart,* 926 F.2d 899, 901 (9th Cir.1991) ("[T]he mere fact that the gun was not present at the place where the overt act took place does not mean that it had no connection with the conspiracy.")

Though Ramirez's substantive challenges to the calculation of his sentence under the Sentencing Guidelines do not warrant vacation of his sentence, Ramirez is entitled to a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). Because Ramirez was sentenced prior to the Supreme Court's holding in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), he has a valid, unpreserved claim of error in the district court's treatment of the Guidelines as mandatory. Since the record does not reliably establish whether the court would have imposed a materially different sentence under an advisory framework, the sentence is remanded so that the district court can make that determination, and if necessary proceed to re-sentencing.

**AFFIRMED IN PART; REMANDED IN PART.**