UNITED STATES of America, Appellee

v.

Geno W. JENKINS, Appellant.

No. 05–3067.

United States Court of Appeals, District of Columbia Circuit.

Nov. 16, 2006.

Roy Wallace Mcleese, III, Assistant U.S. Attorney, Patricia Zimmer Stewart, Elizabeth Trosman, Assistant U.S. Attorney, Amy Helene Zubrensky, U.S. Attorney's Office, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Leslie Ann Gerardo, Law Office of Martyn Liles, Washington, DC, for Defendant–Appellant.

Before: HENDERSON, RANDOLPH and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs

**4**

by counsel pursuant to D.C. CIR. R. 34(j). It is

**ORDERED** and **ADJUDGED** that the district court's judgment is affirmed.

Appellant Jenkins asks us to determine whether the district court erred in denying his motion to suppress evidence allegedly obtained in violation of the federal knock-and-announce statute, 18 U.S.C. § 3109, and the Fourth Amendment to the United States Constitution. The evidence at issue was seized by officers of the Metropolitan Police Department of the District of Columbia while executing a search warrant. In *Hudson v. Michigan*, — U.S. —, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006), the Supreme Court held that the exclusionary rule did not apply to Fourth Amendment knock-and-announce violations. In *United States v. Southerland*, 466 F.3d 1083 (D.C.Cir.2006), this court held that the exclusionary rule did not apply to 18 U.S.C. § 3109 knock-and-announce violations. In *Southerland*, we held that the defendant was not entitled to suppression of evidence seized during execution of a search warrant by officers of the Metropolitan Police Department in violation of D.C.Code § 23-524(a), which incorporates 18 U.S.C. § 3109 as the standard applicable to local law enforcement officers. *Id.* at 1084. Because no relevant facts distinguish appellant's case from *Southerland*, appellant is not entitled to suppression of the evidence seized during the search.

Pursuant to D.C. CIR. R. 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.