United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2007

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

---

m 05-41763

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

PHILLIP BRUNO; CHRISTOPHER JEROME CALDWELL,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before GARWOOD, SMITH, and DEMOSS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The district court granted Phillip Bruno and Christopher Caldwell's joint motion to suppress evidence found pursuant to a search that the court found to have violated the knock-and-announce rule. After this ruling, the Supreme Court held in *Hudson v. Michigan*, 126 S. Ct. 2159, 2165 (2006), that the exclusionary rule is inapplicable to Fourth Amendment knock-and-announce violations. We consider whether, in light of *Hudson*, suppression is the remedy for a violation of 18 U.S.C. § 3109's knock-and-announce requirement. Holding it is not, we reverse and remand.

I.

Drug Enforcement Agency ("DEA") agents and members of the League City SWAT Team arrived at Caldwell's residence early one morning to execute a search warrant. One of the SWAT team members knocked loudly on Caldwell's front door and announced, "Police,

search warrant." About ten seconds after this announcement, two officers at the master bedroom performed a "rake-and-break" maneuver: One broke the window and cleaned it out, and the other pointed a long gun with a light on it through the window and instructed, "Police. Don't move. Search warrant. Put your hands where I can see them." Caldwell was in bed with his wife and appeared to have been awakened recently.

Approximately 15 to 20 seconds after officers broke the bedroom window, the front-door team tossed a concussion grenade toward the garage as a distraction in case other adults were present, and then broke through the front door. Bruno tried to flee from the garage, but DEA agents caught and arrested him.

Officers recovered a small, loaded handgun from above the headboard on the side of the bed where Caldwell was sleeping, and a loaded shotgun from the master bedroom shower stall. A later search uncovered narcotics and seven other weapons.

Caldwell and Bruno were charged in an eleven-count indictment with various narcotics- and firearms-related offenses under 18 U.S.C. §§ 2, 922, and 924 and 21 U.S.C. §§ 841 and 846. They filed a motion to suppress the evidence, claiming that federal officers did not knock and announce their identity and purpose when executing the search warrant, in violation of the Fourth Amendment and 18 U.S.C. § 3109. The district court granted the motion, and the government appeals.

## II.

When considering the grant or denial of a motion to suppress evidence, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003); *United States v. Jordan*, 232 F.3d 447, 448 (5th Cir. 2000). The common law principle "that law enforcement officers must announce their presence and provide residents an opportunity to open the door" has been part of federal statutory law since 1917 and is codified at 18 U.S.C. § 3109.[1] *Hudson*, 126 S. Ct. at 2162. In *Hudson*, the Court held that suppression is not the appropriate remedy for a violation of the constitutional knock-and-announce requirement, but the Court did not address whether suppression is the correct remedy for violations of § 3109. *Id.* at 2165.

*Hudson*'s reasoning, however, entails this result. The District of Columbia Circuit has explained persuasively why:

> [E]ach of the reasons *Hudson* gave for not applying the exclusionary rule to knock-and-announce violations of the Fourth Amendment applies equally to violations of § 3109. Among those reasons are that the knock-and-announce requirement does not protect an individual's interest in shielding "potential evidence from the government's eyes," Hudson, 126 S. Ct. at 2165; that "imposing th[e] massive remedy" of suppression "for a knock-and-announce violation would generate a constant flood of

---

[1] Title 18 U.S.C. § 3109, "Breaking doors or windows for entry or exit," states the following:

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

alleged failures to observe the rule," *id.* at 2165-66; that questions about whether the police waited long enough before entering would be "difficult for the trial court to determine and even more difficult for an appellate court to review," *id.* at 2166; that any deterrent value from suppressing evidence in these cases would not be "worth a lot," *id.*; that civil damage actions would still provide some deterrence, *id.* at 2166-68; and that "[a]nother development over the past half-century that deters civil-rights violations is the increasing professionalism of police forces, including a new emphasis on internal police discipline," *id.* at 2168.

*United States v. Southerland*, 466 F.3d 1083, 1084 (D.C. Cir. 2006), *cert. denied*, 127 S. Ct. 1361 (2007).

The Ninth Circuit has also held, in an unpublished opinion, that "[s]uppression of evidence is not an available remedy for violations of the 'knock and announce' rule under 18 U.S.C. § 3109." *United States v. Ramirez*, 196 Fed. Appx. 538, 539 (9th Cir. 2006) (citing *Hudson*, 126 S. Ct. at 2166). The First Circuit has also confronted "whether *Hudson* should be extended to a knock and announce violation committed in the course of executing an arrest warrant" and has concluded "that the *Hudson* Court's reasoning mandates such an extension." *United States v. Pelletier*, 469 F.3d 194, 196 (1st Cir. 2006).

Caldwell and Bruno contend that two decisions that *Hudson* did not explicitly overrule continue to require suppression for a violation of § 3109: *Miller v. United States*, 357 U.S. 301 (1958), and *Sabbath v. United States*, 391 U.S. 585 (1968). The defendants point us to the Court's instruction that "[i]f a precedent of

this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989).

*Miller* and *Sabbath* are not direct precedents, so they do not preclude us from concluding that suppression is not the proper remedy for a § 3109 violation. In neither did the Court analyze the precise question *Hudson* squarely addressed: the *remedy* for a knock-and-announce violation. Rather, both focused on whether a knock-and-announce violation had occurred. In *Sabbath*, 391 U.S. at 589, the Court discussed whether the phrase "break open" as used in § 3109 requires the use of force. In *Miller*, 357 U.S. at 305, the parties apparently conceded the evidence's inadmissibility if the officers had unlawfully failed to announce their authority and purpose (noting the petitioner's three contentions on appeal and stating, "If any one of these contentions prevails, it is agreed that the marked money was inadmissible in evidence.").

In summary, *Hudson* compels the conclusion that suppression is not the remedy for a violation of § 3109, and *Miller* and *Sabbath* do not prevent it. Even if the conduct in this case violated that statute,[2] suppression is not available as a remedy for Caldwell and Bruno.

The suppression order is REVERSED, and this matter is REMANDED for further appropriate proceedings.

---

[2] Because of our conclusion about the remedy of suppression, we do not reach whether a § 3109 violation occurred in this case.

3