# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2020

Lyle W. Cayce
Clerk

No. 19-50754
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES LUTHER GODFREY, III,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-302-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

James Luther Godfrey, III, entered a conditional-guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), reserving his right to challenge the denial, after a hearing, of his motion to suppress evidence. Godfrey was sentenced below the advisory Sentencing Guidelines sentencing range to, *inter alia*, 50-months' imprisonment. He contends the district court committed reversible error by denying his suppression motion

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-50754

because the evidence against him was gathered pursuant to a warrant grounded in a bare-bones affidavit.

When considering the denial of a suppression motion, "we review the district court's factual findings for clear error and its legal conclusions *de novo*". *United States v. Bruno*, 487 F.3d 304, 305 (5th Cir. 2007) (citations omitted). Officers executing a search warrant may rely in good faith on a warrant, even if it is subsequently invalidated. *United States v. Leon*, 468 U.S. 897, 922–24 (1984).

This good-faith exception does not apply, however, if, *inter alia*, the affidavit supporting the warrant so lacks indicia of probable cause that it is a bare-bones affidavit. *See id.* at 923 (citation omitted); *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (citation omitted). A bare-bones affidavit is one that "contain[s] wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause". *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (citation omitted). Whether an affidavit is bare bones is determined under the totality of the circumstances, *see United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994) (citation omitted), and using common sense, *see United States v. Jackson*, 818 F.2d 345, 348 (5th Cir. 1987) (citation omitted).

The affidavit at issue is not made up of "wholly conclusory statements", lacking "facts and circumstances from which [the] magistrate [could] independently determine probable cause". *See Satterwhite*, 980 F.2d at 321 (citation omitted). Examples of such conclusory statements include: "the affiant 'has cause to suspect and does believe' that liquor illegally imported is located on certain premises"; and "the affiants 'have received reliable information from a credible person and do believe' that heroin is stored in a home". *United States v. Brown*, 941 F.2d 1300, 1303 n.1 (5th Cir. 1991)

(citations omitted).  In contrast, the officer's affidavit at issue specified that Ed Tally (a citizen-informant property inspector) saw contraband in a certain apartment when he entered it as part of his job.

Further, Godfrey's contention the affidavit at issue was bare bones because it made no assertions regarding Tally's credibility fails under *United States v. Blount*, which provides that "absent specific reasons for police to doubt his or her truthfulness, an ordinary citizen, who provides information to police at a crime scene or during an ongoing investigation, may be presumed credible without subsequent corroboration".  123 F.3d 831, 835 (5th Cir. 1997) (en banc); *see also United States v. Fooladi*, 703 F.2d 180, 183 (5th Cir. 1983) ("When an average citizen tenders information to the police, the police should be permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that such might not be the case." (alteration and citation omitted)).

Although Godfrey attempts to distinguish *Blount* on the basis that the informant in that case gave information in an ongoing investigation, there is no indication this distinction is material.  Instead, *Blount* held the pertinent inquiry is whether officials are aware of certain facts undermining the citizen-informant's credibility.  *See Blount*, 123 F.3d at 835.  Godfrey casts no specific doubts on Tally's credibility and, therefore, has not shown it should not be presumed credible.

AFFIRMED.