# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1878
_____

United States of America

*Plaintiff - Appellee*

v.

Marcelino Williamson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: February 19, 2021
Filed: June 2, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and STRAS, Circuit Judges.
_____

PER CURIAM.

Marcelino Williamson conditionally pleaded guilty to possessing a firearm while subject to a court order of protection. *See* 18 U.S.C. §§ 922(g)(8), 924(a)(2).

He challenges the district court's[1] denial of a motion to suppress the gun that he possessed. We affirm.

## I.

Early one morning, an officer with the Mena Police Department saw Williamson, who had an outstanding warrant for his arrest, driving his truck into a carwash. The officer pulled his squad car into the parking lot and made the arrest. To take care of Williamson's truck, another officer began to inventory its contents after calling a tow company. Almost immediately, he spotted a pistol in a holster near the center console and seized it.

After Williamson was charged, he moved to suppress the pistol. The district court, as relevant here, denied the motion on the ground that it was admissible under the inventory-search exception to the Fourth Amendment's warrant requirement.

## II.

Under this exception, police can "inventory the contents of a lawfully impounded vehicle without a warrant or probable cause" if they act "according to standardized police procedures." *United States v. Taylor*, 636 F.3d 461, 464 (8th Cir. 2011). When officers follow standardized procedures, there is no "inference" that the search is just "a ruse for a general rummaging in order to discover incriminating evidence." *United States v. Marshall*, 986 F.2d 1171, 1175 (8th Cir. 1993) (quoting *Florida v. Wells*, 495 U.S. 1, 4 (1990)).

Williamson challenges two "distinct police actions" here. *United States v. Arrocha*, 713 F.3d 1159, 1162 (8th Cir. 2013). The first is the decision to tow the truck, which he calls unreasonable. *See id.* The second is the actual search itself,

---

[1]The Honorable P. K. Holmes, III, United States District Judge for the Western District of Arkansas.

which he characterizes as improper. *See id.* We disagree on both points. *See Taylor*, 636 F.3d at 463–64 (explaining that "we review the district court's factual findings for clear error and its conclusions of law de novo").

A.

Under departmental policy, after arresting a driver, officers are supposed to arrange for the vehicle to be towed. As the district court found, based on testimony from several officers, this directive is an unwritten supplement to the department's written towing policy. *See United States v. Petty*, 367 F.3d 1009, 1012 (8th Cir. 2004) (explaining that "testimony can be sufficient to establish police procedures"); *see also United States v. Betterton*, 417 F.3d 826, 830 (8th Cir. 2005) ("[T]he absence of a written policy controlling the decision to impound a vehicle does not automatically render an inventory search unconstitutional."). We have previously recognized that policies allowing towing in similar circumstances qualify as "standardized." *United States v. Morris*, 915 F.3d 552, 555–56 (8th Cir. 2019) (concluding that a policy allowing police to impound vehicles when "the driver had been arrested and there was no other available driver" furthered officers' caretaking function and did not allow for "impermissible, unfettered discretion").

To be sure, as Williamson argues, the written policy does not permit officers to tow vehicles that are "abandoned on private property." But even if the carwash is "private property," Williamson's truck was not "abandoned." As one officer explained, when a driver is "arrested" following a "stop[]," the policy does not treat the vehicle as abandoned. *See United States v. Wallace*, 102 F.3d 346, 349 (8th Cir. 1996) (looking to an officer's testimony to support an interpretation of an inventory policy). An Arkansas statute, referenced elsewhere in the policy, reflects the same overall view. *See* Ark. Code § 27-50-1202(1), (12)(C) (explaining that a vehicle is "abandoned" only when it is left "unattended" for 30 days or its "owner has overtly

-3-

manifested some intention not to retake possession"). The officers were free, in other words, to tow Williamson's truck.[2]

## B.

Even if the initial decision to tow the truck was reasonable, Williamson argues that the search reflected an investigatory, rather than a caretaking, motive because the officers failed to note the "location" and "condition" of some of the items in an inventory report. *See United States v. Morris*, 995 F.3d 665, 670 (8th Cir. 2021). Assuming, for the sake of argument, that the officers violated the policy by submitting an incomplete report, "[s]omething else" must still be "present" to show that the search was a pretext for evidence gathering. *Taylor*, 636 F.3d at 465 (quotation marks omitted).

The "something else" is missing here. *Id.* It is true that an officer testified that the inventory procedures help the department "make every case [it] can," which could reflect an investigatory motive. But here, the district court believed the officers when they said that the purpose of *this* search was to inventory the items in Williamson's vehicle.[3] We are in no position to disagree, especially on plain-error review. *See United States v. Diaz-Ortiz*, 927 F.3d 1028, 1030 (8th Cir. 2019) (applying plain-error review to an alleged error raised for the first time on appeal); *see also United States v. Hernandez*, 281 F.3d 746, 748 (8th Cir. 2002) (explaining

---

[2]In *Arrocha*, we referred to a vehicle that was left unattended after an arrest as "abandoned." 713 F.3d at 1163. But the policy in that case was different because it incorporated a statutory definition that defined the term that way. *See id.* at 1161.

[3]To the extent Williamson argues that the initial decision to tow the truck was based on an investigatory motive, it fails for a similar reason. *See Arrocha*, 713 F.3d at 1164 ("[W]hen there is a valid reason to impound a vehicle, the presence of an investigative motive does not invalidate an otherwise valid inventory search." (internal quotation marks and brackets omitted)).

that the district court's credibility determinations "are virtually unreviewable on appeal" (internal quotation marks omitted)).

## III.

We accordingly affirm the judgment of the district court.

_____