# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2023

Lyle W. Cayce
Clerk

No. 21-60960

United States of America,

*Plaintiff—Appellee*,

*versus*

Antoine Bryant, Sr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:20-CR-71-1

Before Smith, Barksdale, and Haynes, *Circuit Judges*.

Per Curiam:[*]

At issue is whether the issuance and execution of a "no-knock" provision in a search warrant violated the Fourth Amendment, and therefore required exclusion of the evidence produced by the search conducted pursuant to the warrant. Because exclusion is not the appropriate remedy for

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a challenge to the no-knock provision, the district court properly denied Antoine Bryant, Sr.'s suppression motion.  AFFIRMED.

## I.

On 11 June 2019, an investigator with the Greenville, Mississippi, Police Department obtained from a municipal court judge (the issuing judge) a no-knock search warrant for Bryant's residence.  In support of the warrant, the investigator submitted an affidavit specifying the request was for a no-knock search warrant; and outlined Bryant's alleged criminal activity involving drugs and firearms.  The "Underlying Facts and Circumstances" attached to the affidavit provided:  the investigator's background as a law-enforcement officer and narcotics investigator; and the information he believed gave rise to probable cause that evidence located at Bryant's residence was connected with the sale of controlled substances and firearms.

The investigator relied on a "Coded Credible and Reliable Confidential Informant" (informant) who advised:  Bryant was affiliated with an individual who sold drugs; they exchanged drugs and did business together; and Bryant sold marihuana, cocaine, and firearms from his residence.  The informant's credibility was established by previous information he provided regarding controlled-substance violations in Washington County (in which Greenville is located).

The underlying facts further detailed that, between 9 and 11 June 2019, the informant conducted a controlled buy at Bryant's residence, purchasing 0.87 grams of marihuana.  (The Government did not prosecute this sale; rather, it contends it was for the purpose of establishing probable cause for the warrant at issue.)

Officers executed the warrant on 17 June 2019, during which Bryant was present.  The search produced marihuana and a loaded .380 caliber handgun.

Bryant was indicted for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He moved to suppress the firearm, and all evidence and statements obtained from the search, contending it occurred as a result of an improperly issued no-knock search warrant in violation of the Fourth Amendment.

At the 17 May 2021 hearing on the suppression motion, the investigator and issuing judge testified to the basis for, and grant of, both the search warrant and its no-knock provision. Bryant emphasized that the "crux of the [suppression] motion" concerned the no-knock portion. The motion was denied pursuant to the court's 10 August 2021 order, which concluded: suppression was unwarranted under the good-faith exception to the exclusionary rule; and a civil remedy for the no-knock provision was the appropriate recourse, not suppression. The court did not address whether the no-knock provision was proper.

Bryant pleaded guilty pursuant to a Federal Rule of Criminal Procedure 11(a)(2) conditional plea, reserving the right to appeal the adverse suppression ruling.

## II.

At issue is the remedy for the challenged no-knock provision in the search warrant. When reviewing the denial of a motion to suppress, factual findings are reviewed for clear error; conclusions of law, *de novo*. *United States v. McKinney*, 980 F.3d 485, 491 (5th Cir. 2020). Evidence is viewed in the light most favorable to the prevailing party, here, the Government. *E.g.*, *United States v. Thomas*, 997 F.3d 603, 609 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 828 (2022). Our court gives great deference to the "finder of fact who hears the live testimony of witnesses" because he had the opportunity to observe and judge the witnesses' credibility and demeanor. *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (citation omitted).

The Fourth Amendment protects against *unreasonable* searches and seizures. U.S. CONST. amend. IV. Although not constitutionally mandated, the "common-law 'knock-and-announce' principle forms a part of the reasonableness inquiry under the Fourth Amendment". *Wilson v. Arkansas*, 514 U.S. 927, 929 (1995).

Although the underlying search warrant must be supported by probable cause, the execution of a search warrant absent knocking-and-announcing requires showing reasonable suspicion that an exigency exists. *E.g.*, *Hudson v. Michigan*, 547 U.S. 586, 589–600 (2006). Accordingly, a challenge to an underlying warrant is distinct from a challenge to a claimed knock-and-announce violation, occurring either upon execution of, or through a no-knock provision in, a search warrant.

A.

Bryant mistakenly conflates the no-knock provision and the search warrant containing it. A no-knock search warrant only differs from a traditional search warrant in that the former abrogates the knock-and-announce requirement prior to execution of the warrant. *Richards v. Wisconsin*, 520 U.S. 385, 396 n.7 (1997).

Bryant maintains: the court erred in denying his suppression motion because there were no exigent circumstances justifying the no-knock warrant for his residence; and the good-faith exception should not apply to save the invalid no-knock provision. Additionally, he asserts the court erred in ruling that a civil action for money damages was the appropriate remedy for the no-knock warrant violation. The Government counters: the court correctly applied the good-faith exception to the exclusionary rule in denying Bryant's suppression motion; and suppression is not the appropriate remedy for a challenge to a no-knock provision in a search warrant.

1.

"For the good-faith exception to apply, the executing officer's reliance on the issuing-judge's *probable-cause determination* and the technical sufficiency of the warrant must have been objectively reasonable." *Gibbs*, 421 F.3d at 358 (emphasis added). Both Bryant and the Government address the good-faith exception at length. Notably however, as the district court stated correctly in its order denying the suppression motion, Bryant's "briefing indicates that the existence of probable cause is not genuinely disputed here".

In our court, as in district court, Bryant does not challenge probable cause for the warrant, only the basis for the approval of its no-knock provision. In the light of Bryant's failing to challenge the underlying probable-cause determination, any claims regarding the inapplicability of the good-faith exception are waived. *See id.* at 357–58.

2.

Because Bryant does not challenge the underlying probable cause, we turn to the no-knock aspect of the warrant.

"The common law principle 'that law enforcement officers must announce their presence and provide residents an opportunity to open the door' has been part of federal statutory law since 1917 and is codified at 18 U.S.C. § 3109." *United States v. Bruno*, 487 F.3d 304, 305 (5th Cir. 2007) (quoting *Hudson*, 547 U.S. at 589). (Here, of course, the warrant was not obtained or executed by federal law enforcement. The same is true of the warrant at issue in *Hudson*.) The knock-and-announce requirement is abrogated when officers possess "reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence". *Richards*, 520 U.S. at 394.

Such reasonable suspicion may arise when officers submit a search warrant application or at execution. *Id.* at 396 n.7 (Issuing no-knock warrants may be "reasonable when sufficient cause to do so can be demonstrated ahead of time"; however, a "decision not to authorize a no-knock entry should not be interpreted to remove the officers' authority to exercise independent judgment concerning the wisdom of a no-knock entry at the time the warrant is being executed".).  "When a warrant applicant gives reasonable grounds to expect futility or to suspect that one or another such exigency already exists or will arise instantly upon knocking, a . . . judge is acting within the Constitution to authorize a 'no-knock' entry." *United States v. Banks*, 540 U.S. 31, 36 (2003).

B.

"Evidence obtained as a direct result of an unconstitutional search or seizure is plainly subject to exclusion." *Segura v. United States*, 468 U.S. 796, 804 (1984).  The exclusionary rule "operates as a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved". *United States v. Leon*, 468 U.S. 897, 906 (1984) (citation omitted).

Case law provides the proper recourse for a claimed knock-and-announce violation.  The district court correctly adopted the Government's position that, under *Hudson*, "suppression is not the appropriate remedy for a violation of the constitutional knock-and-announce requirement", instead civil monetary damages are proper. *Bruno*, 487 F.3d at 305–06 (citing *Hudson*, 547 U.S. at 593–94 (explaining suppression inapplicable when alleged violation is knock-and-announce rule because knocking and announcing does not protect one's interest in preventing the Government from seeing evidence)).

Again, even a favorable reading of Bryant's position shows he challenges the issuance of the no-knock provision in the search warrant. Because this incorrectly commingles a knock-and-announce violation with the validity of the underlying search warrant, the district court correctly concluded suppression is not available as a remedy. *E.g.*, *Bruno*, 487 F.3d at 305–06. Bryant's sole remedy is civil damages. *E.g.*, *Hudson*, 547 U.S. at 598.

And, having held suppression is not the appropriate remedy, we need not reach the validity *vel non* of the no-knock provision.

### III.

For the foregoing reasons, the judgment is AFFIRMED.

Judge Haynes concurs in the judgment only.